UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 290 PRATT STREET, LLC | : | |
| V. | : | Civil No.: 3:05cv489 (WWE) |
| GENERAL MOTORS CORPORATION | : | |
| V. | : | |
| PRATT ASSOCIATES, LLC | : | |

## RULING

On December 21, 2006, plaintiff issued a subpoena *duces tecum* to Gregory A. Carli, P.E., of Conestoga-Rovers & Associates. In response, defendant General Motors Corporation filed a combined motion to quash the subpoena *duces tecum* and motion for protective order, with respect to multiple discovery requests directed to defendant. [Doc. #85]. On January 23, 2007, plaintiff filed its opposition to defendant's motion to quash and motion for protective order and moved to compel compliance. [Doc. ##89 and 90]. A hearing was held on April 5, 2007. For the reasons stated below, defendant's combined motion to quash and for protective order [Doc. #85] is **DENIED**. Plaintiff's motion to compel compliance with the subpoena *duces tecum* and discovery requests [Doc. #90] is **GRANTED**.

I. **Factual Background**

On March 21, 2005, 290 Pratt Street, LLC ("290 PSL"), filed its complaint, alleging that General Motors Corporation ("GMC")

is liable for environmental contamination at a parcel of real property owned by 290 PSL and located at 290 Pratt Street in Meriden, Connecticut. Second Am. Com., ¶ 1. GMC was a previous owner of this property. (Objections and Responses of Defendant General Motors Corporation, dated April 21, 2006, ¶ 6). During its ownership, GMC manufactured ball bearings on the property. Id. at ¶ 6.

In 1970, defendant sold this property to Union Manufacturing Company ("Union"). Id. at ¶ 8. The parties agree that Union conducted manufacturing operations on the premises until approximately 1985. Apportionment Complaint, ¶ 9. During its ownership, the Connecticut Department of Environmental Protection ("DEP") ordered Union to investigate and remediate contamination in the soil, groundwater and surface water at the property. Id. at ¶ 12. In 1985, Union sold the property to third-party defendant Pratt Associates, LLC ("PAL"). Id. at ¶ 9. During its ownership, PAL entered into a Consent Agreement with the DEP. Id. at ¶ 13. This Consent Agreement required PAL to investigate and remediate the ground contamination at the property. 290 PSL purchased the property from PAL on December 30, 2003. Id. at ¶ 11.

## II.  Discussion

Rule 26 of the Federal Rules of Civil Procedure provides,

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... For good cause, the court may order discovery of any matter involved in the

2

> action. Relevant information **need not be admissible** at the trial if the discovery appears reasonably likely to lead to the discovery of admissible evidence ....

Fed. R. Civ. P. 26(b)(1). The language of Rule 26 has been interpreted broadly. Thus, the discovery request need only "encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issues that is or may in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1947); <u>Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 756 F.2d 230, 236 (2d Cir. 1985).

District courts enjoy "broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors." <u>Yancey v. Hooten</u>, 180 F.R.D. 203, 207 (D. Conn. 1998). The party opposing the discovery request "bears the burden of demonstrating that its objections should be sustained." <u>Obiajulu v. City of Rochester</u>, 166, F.R.D. 293, 295 (W.D.N.Y. 1996).

Here, through both the subpoena *duces tecum* and the discovery requests, plaintiff seeks to obtain information regarding other property once owned by GMC in Bristol, Connecticut. At the hearing, GMC's counsel indicated that GMC, in fact, owned two properties in Bristol. Plaintiff acknowledged that this was new information and agreed to limit both the subpoena and the discovery requests to the property which contained a ball bearing manufacturing business similar to the

3

operation located in Meriden.  This property was identified by GMC as the Franklin Street site.

Defendant objects to both the subpoena and the discovery requests, claiming that the there are few, if any, similarities between the sites.  Therefore, GMC argues that the information sought is irrelevant.

At the hearing, GMC agreed that it owned and operated similar ball bearing manufacturing operations on both the Bristol and Meriden properties.  Defendant also stated that both sites were eventually closed and merged into one single operation located at the Bristol Business Center.  290 PSL stated, and GMC did not disagree, that the Bristol operation manufactured the same exact product as Meriden, produced the product the same exact way, and conducted operations during the same time period.  Both operations were sold during the same time period.  The parties agree that the Bristol property was contaminated and subject to a clean-up order issued by the United States Environmental Protection Agency.  However, GMC alleges the contamination at the Franklin Street property is of a different type than the property in Meriden.

It is true that the definition of relevance is narrowly tailored when the admissibility of evidence is being determined.  However, at the discovery phase, the definition of relevance is broad.  See Fed. R. Civ. P. 26.  Based on this liberal reading of the discovery rules, plaintiff has established that Mr. Carli possesses, and the related documents contain, material which is

4

reasonably calculated to lead to discoverable information.  Thus, defendant's combined motion to quash and motion for protective order [Doc. #85] is **denied**.  Plaintiff's motion seeking compliance [Doc. #89] is **granted**.  As plaintiff conceded at the hearing, Mr. Carli's deposition and the discovery requests will be limited to the property located on Franklin Street in Bristol.

SO ORDERED at Bridgeport this 17th day of April, 2007.

____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE